UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**ERIC S. ZALL,**
10701 N. Briarwood Court
Mequon, WI 53092

       Plaintiff,

                           Case No.: 2021-CV-19

vs.

**STANDARD INSURANCE COMPANY,**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

       Defendant.

## COMPLAINT

The Plaintiff, Eric S. Zall, by Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Mequon, Wisconsin.

2. Defendant, Standard Insurance Company, on information and belief, is a corporation organized under the laws of the State of Oregon, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures a long-term disability insurance plan for Falls Dental Associates, S.C. ("the Plan"), an

employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, that has been in effect since at least December 1, 2013 and continues to the present time.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because Defendant conducts business in this District.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former Dentist for Fall Dental Associates, S.C.

9. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

10. Plaintiff ceased working on December 16, 2013 due to cervical degenerative disc disease with severe foraminal stenosis and cervical radiculopathy causing chronic neck pain, right shoulder pain, and right arm pain and numbness.

11. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

12. Defendant was responsible for paying Plaintiff's LTDI benefits.

13. Defendant approved and paid Plaintiff's claim for LTDI benefits from January 30, 2014 through December 31, 2019.

14. Plaintiff's LTDI benefit is worth $10,000 per month.

15. Defendant denied Plaintiff's LTDI benefits claim beyond December 31, 2019.

16. Defendant denied Plaintiff's LTDI benefits based on the Plan's "Other Limited Conditions" limitation.

17. The Plan's "Other Limited Conditions" provision limits payments to 24 months for a Disability caused or contributed by "Other Limited Conditions."

18. The Plan defines Other Limited Conditions as follows:

> Other Limited Conditions means chronic fatigue conditions (such as chronic fatigue syndrome, chronic fatigue immunodeficiency syndrome, post viral syndrome, limbic encephalopathy, Epstein-Barr virus infection, herpes virus type 6 infection, or myalgic encephalomyelitis), any allergy or sensitivity to chemicals or the environment (such as environmental allergies, sick building syndrome, multiple chemical sensitivity syndrome or chronic toxic encephalopathy), chronic pain conditions (such as fibromyalgia, reflex sympathetic dystrophy or myofascial pain), carpal tunnel or repetitive motion syndrome, temporomandibular joint disorder, craniomandibular joint disorder, arthritis, diseases or disorders of the cervical, thoracic, or lumbosacral back and its surrounding soft tissue, and sprains or strains of joints or muscles.

> However, Other Limited Conditions does not include neoplastic diseases, neurologic diseases, endocrine diseases, hematologic diseases, asthma, allergy-induced reactive lung disease, tumors, malignancies, or vascular malformations, demyelinating diseases, lupus, rheumatoid or psoriatic arthritis, herniated discs with neurological abnormalities that are documented by electromyogram and computerized tomography or magnetic resonance imaging, scoliosis, radiculopathies that are documented by electromyogram, spondylolisthesis, grade II or higher, myelopathies and myelitis, traumatic spinal cord necrosis, osteoporosis, discitis, Paget's disease.

19. The Other Limited Conditions Limitations does not apply to Plaintiff's claim because his disability is due to herniated discs with neurological abnormalities and radiculopathies which are documented by magnetic resonance imaging (MRI) and electromyogram (EMG).

20. A 2014 magnetic resonance imaging (MRI) of Plaintiff's neck showed degenerative disc disease at C4-5, C5-6, and C6-7, with cord compression at C4-5 and C5-6, herniated disc at C5-6 and C6-7 and foraminal stenosis at C5-6 and C6-7.

21. A 2014 electromyogram (EMG) of Plaintiff's neck showed chronic active right C7 radiculopathy.

22. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

23. As part of his appeal, Plaintiff submitted evidence to support that the Plan's Other Limited Conditions limitation does not apply to his claim. As part of his appeal, Plaintiff submitted evidence that his disability is caused by disc herniation and radiculopathy.

24. Plaintiff submitted a medical note from his physician, Stephen E. Robbins, M.D., confirming Plaintiff's degenerative disc disease and ongoing radiculopathy had not improved.

25. Plaintiff submitted a medical note from his physician, Trinh G. Truong, M.D., confirming Plaintiff had chronic right radiculopathy and disc herniation with mild cord impingement and that he is incapable of working full-time as a dentist.

26. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

27. Plaintiff submitted all information requested by the Defendant.

28. Defendant failed to consider the issues raised in Plaintiff's appeal.

29. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

30. Defendant did not perform a "full and fair review" of Plaintiff's claim.

31. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

32. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

33. Defendant failed to engage in a meaningful dialogue with Plaintiff.

34. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

35. Defendant conducted a selective review of Plaintiff's medical records.

36. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

37. At all times material to this complaint, Plaintiff's medical condition has fallen outside of the "Other Limited Conditions" provision of the Plan.

38. At all times material to this case, the Plan has remained in full force and effect.

39. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION:
### DENIAL OF BENEFITS IN VIOLATION OF
### SECTION 502(a)(1)(B) OF ERISA

40. The preceding paragraphs are reincorporated by reference as though set forth here in full.

41. Plaintiff has been and remains disabled, as that term is defined by the Plan.

42. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

43. Defendant wrongfully denied LTDI benefits due to Plaintiff.

44. Alternatively, if the arbitrary and capricious standard of review applies, then Defendant arbitrarily and capriciously denied Plaintiff benefits.

45. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

46. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

47. As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

48. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

49. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Eric S. Zall, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: January 12, 2021

**HAWKS QUINDEL, S.C.**

By: */s/ Danielle M. Schroder*
Danielle M. Schroder, State Bar No. 1079870
Email: dschroder@hq-law.com
Jessa L. Victor, State Bar No. 1099144
Email: jvictor@hq-law.com
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Attorneys for Plaintiff, Eric S. Zall